IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERRI DAWN BRADFORD, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:22-CV-00141-SDJ-CAN |
| v. | § § | |
| QUALITY SECURITY SERVICES LLC, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Jerri Dawn Bradford, proceeding *pro se*, has filed twelve lawsuits in the Eastern District of Texas, Sherman Division; this suit and ten others remain pending. On September 7, 2022, a Notice of Suggestion of Death and Certification of Death as to Plaintiff was filed in one of these cases. *See Bradford v. Hyosung America*, No. 4:22-cv-218 (E.D. Tex. Mar. 18, 2022), ECF Nos. 12, 12-1. For the following reasons, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** under Rule 41 of the Federal Rules of Civil Procedure.

**BACKGROUND**

On February 28, 2022, *pro se* Plaintiff Jerri Dawn Bradford ("Plaintiff") filed a complaint against Defendant Quality Security Services LLC ("Defendant") asserting a claim for discrimination [Dkt. 1]. Plaintiff requests damages of $100,000,000 in relief. On February 28, 2022, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 3], which remains pending, and a Motion to Appoint Counsel [Dkt. 4], which the Court denied [Dkt. 9]. On March 30, 2022, Plaintiff filed a Motion to Receive Electronic Notification [Dkt. 7], which the Court granted [Dkt. 8]. On March 11, 2022, Plaintiff filed an amended complaint clarifying she asserts a claim for racial discrimination, alleging that as the only black employee at the company,

she was treated differently, including receiving less pay and working more hours than similarly situated employees, and as a result "[Plaintiff] became homeless due to the increased demand in hours and responsibilities" [Dkt. 6 at 2]. Plaintiff further alleges she was called a "black slave" and was eventually wrongfully terminated, which was in breach of contract and itself discriminatory [Dkt. 6 at 2].

In addition to the instant cause, Plaintiff has filed the following actions in the Eastern District of Texas: *Bradford v. Bierman*, 4:22-cv-138-ALM-KPJ (E.D. Tex. Feb. 28, 2022); *Bradford v. Love*, 4:22-cv-139-ALM-KPJ (E.D. Tex. Feb. 28, 2022); *Bradford v. Bierman*, 4:22-cv-140-ALM-KPJ (E.D. Tex. Feb. 28, 2022);[1] *Bradford v. Quality Security Services, LLC*, 4:22-cv-141-SDJ-CAN (E.D. Tex. Feb. 28, 2022); *Bradford v. Woo*, 4:22-cv-190-SDJ-CAN (E.D. Tex. Mar. 11, 2022); *Bradford v. Alonzo*, 4:22-cv-191-ALM-KPJ (E.D. Tex. Mar. 11, 2022); *Bradford v. ST Moritz Security Services, Inc.*, 4:22-cv-192-ALM-CAN (E.D. Tex. Mar. 11, 2022); *Bradford v. NCR Corporation*, 4:22-cv-217-SDJ-KPJ (E.D. Tex. Mar. 18, 2022); *Bradford v. Hyosung America*, 4:22-cv-218-ALM-KPJ (E.D. Tex. Mar. 18, 2022); *Bradford v. Diebold Nixdorf*, 4:22-cv-219-SDJ-KPJ (E.D. Tex. June 22, 2022); *Bradford v. Drew*, 4:22-cv-517-ALM-CAN (E.D. Tex. June 22, 2022); and *Bradford v. Brown Fox, PLLC*, 4:22-cv-522-SDJ-CAN (E.D. Tex. June 23, 2022).[2]

On September 7, 2022, in *Bradford v. Hyosung America*, the defendant, Nautilus Hyosung America, Inc. ("Hyosung America, Inc."), filed a Suggestion of Death as to Plaintiff, notifying the Court that Plaintiff passed away on July 2, 2022, during the pendency of her civil actions, in Collin

---

[1] This case was closed on August 19, 2022, prior to the filing of the Suggestion of Death as to Plaintiff.
[2] Pursuant to the Eastern District's Standing Order for assignment and reference of cases to United States Magistrate Judges, as *pro se* civil actions, Plaintiff's pending cases were randomly assigned at the time of filing between the undersigned and United States Magistrate Judge Kimberly C. Priest Johnson. Of note, Judge Johnson has similarly recommended that each of Plaintiff's cases referred to her be dismissed without prejudice.

County, Texas. *See Hyosung America*, 4:22-cv-218-ALM-KPJ (E.D. Tex. Mar. 18, 2022), ECF No. 12. Hyosung America, Inc., also affixed a Certification of Death as to Plaintiff issued by the County Clerk of Collin County to the filing. *See id.* ECF No. 12-1. Plaintiff's obituary, confirming her passing in July 2022, is also publicly available.[3] *See id.*; *see also Perez v. Steele*, No. 5:17-cv-113, 2018 WL 10323027, at *3 n.1 (N.D. Tex. Jan. 31, 2018) (citing FED. R. EVID. 201(c)(1)) (collecting cases regarding judicial notice of a party's death).[4]

Based on the Notice submitted by Hyosung America, Inc., and the online obituary, on October 12, 2022, this Court took judicial notice of Plaintiff's death and, exercising its authority under Rule 25, *sua sponte* ordered substitution of a proper party for Plaintiff Jerri Dawn Bradford [Dkt. 10]. *See* FED. R. CIV. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). Specifically, the Court ordered a motion for substitution be filed by Plaintiff's successor or representative within 90 days in accordance with Rule 25(a) [Dkt. 10 at 2]. The Court directed the Clerk of Court to send the Order to Substitute to the address listed on the docket for Plaintiff, PO Box 1223, Little Elm, TX 75068, by certified mail, return receipt requested, to Plaintiff's email address, DawnofHopeLLC@gmail.com, as well as the following additional addresses potentially associated with Bradford via certified mail, return receipt requested: 5900 Balcones Dr., Suite 100, Austin, TX 78731-4296; and 1031 FM 2931,

---

[3] An obituary for Plaintiff available online indicates Plaintiff died in July 2022. *See* Jerri Dawn Bradford, RELERFORD FUNERAL HOME, https://www.relerfordfuneralhome.com/obituary/Jerri-Bradford (last visited Oct. 4, 2022). The Court may take judicial notice of an online obituary after a suggestion of death has been filed. *Perez*, 2018 WL 10323027, at *3 n.1 (collecting cases); *Clyce v. Farley*, No. 3:15-cv-793, 2022 WL 625722, at *4 (N.D. Tex. Jan. 28, 2022), *report and recommendation adopted*, 2022 WL 625092 (N.D. Tex. Mar. 3, 2022).

[4] In that case, the court ordered Hyosung America, Inc., to personally serve Plaintiff's successor or representative the suggestion of death. *Hyosung America*, 4:22-cv-218-ALM-KPJ, ECF No. 14. On November 28, 2022, Hyosung America, Inc., filed affidavits representing that personal service was effectuated upon Marilyn Sue Love-Jackson on November 15, 2022, and upon Jeneka Renee Bradford on November 16, 2022. *See id.*, ECF Nos. 15, 16. On December 5, 2022, Hyousung America, Inc., filed an affidavit that personal service upon Broddrick Bledsoe was effectuated on November 23, 2022. *See id.*, ECF No. 17. On February 22, 2023, the court recommended Plaintiff's claims against Hyosung America, Inc., be dismissed without prejudice pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. *Id.*, ECF No. 22.

Apartment 735, Aubrey, TX 76227 [Dkt. 10 at 2-3]. Notably, on December 12, 2022, the copy of the Order to Substitute mailed to Plaintiff's address of record was returned as undeliverable [Dkt. 12-1] ("RETURN TO SENDER – UNCLAIMED – UNABLE TO FORWARD"). To date, notwithstanding the passing of more than 90 days, there has been neither an entry of appearance nor a motion to substitute party filed on behalf of Plaintiff. Nor has any other action been taken in this cause since Plaintiff's death.

## ANALYSIS[5]

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). The Supreme Court has long held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed

---

[5] In proceeding directly to a recommendation for dismissal under Rule 41(b) here, the Court notes that Judge Johnson, in those of Plaintiff's actions referred to her, analyzed whether Rule 25(a)'s strictures can or do apply in actions where the plaintiff dies before a defendant has been served or made an appearance. *See, e.g.*, *Bierman*, 4:22-cv-138-ALM-KPJ, ECF No. 12 at 4-6. Rule 25(a) directs the notice of death be served on the plaintiff's representative or successor, and further directs a motion to substitute be filed within 90 days of such service. *See* FED. R. CIV. P. 25(a)(1). "[I]n cases where there is counsel for at least one of the parties or a defendant has appeared, the course of action is straightforward: the party seeking to start the ninety-day clock must personally serve the suggestion of death to the plaintiff's successor or representative." *See, e.g.*, *Bierman*, 4:22-cv-138-ALM-KPJ, ECF No. 12 at 6 (citing *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015)). However, in a case where the sole unrepresented plaintiff dies prior to serving the defendant, no counsel will have appeared to effectuate Rule 25(a)'s command to serve notice(s) on non-parties. As Judge Johnson notes, there is simply "no party who can personally serve Plaintiff's successor or representative the suggestion of death." *See id.* at 5 (citing *Sampson*, 780 F.3d at 681). The Court is unaware of any Fifth Circuit authority examining how Rule 25(a)'s substitution process could or should practically unfold when a *pro se* plaintiff dies and no other party is present in the case. Nevertheless, ample authority exists for dismissing pursuant to Rule 41(b) when a plaintiff is no longer prosecuting an action, here unfortunately due to her demise, and where no representative has filed a motion to substitute. Considering a Rule 25(a) dismissal is often considered a "failure to prosecute" equivalent to a Rule 41(b) dismissal in the Fifth Circuit, proceeding under Rule 41(b) here results in the same disposition with the same rationale as a Rule 25(a) dismissal, but without the uncertainty as to Rule 25's applicability. *See Rowland v. GGNSC Ripley, LLC*, No. 313CV00011DMBSAA, 2016 WL 4136486, at *6 (N.D. Miss. Aug. 3, 2016) (explaining that under Rule 25(a),"[i]nsofar as a failure to substitute is, in essence, a failure to prosecute an action," dismissal is "consistent with the Fifth Circuit rule that a failure to prosecute standard should apply to dismissals under the Federal Rules which are 'the equivalent of a Rule 41(b) dismissal.'") (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (internal quotation marks omitted)).

not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630–31 (1962) (citations omitted); *accord Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link*, 370 U.S. at 630–31) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"); *see also Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007) (per curiam). "Courts are empowered to 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief,' in order 'to achieve the orderly and expeditious disposition of cases.'" *Jones v. AT&T Mobility Servs., LLC*, No. 3:17-cv-2315, 2018 WL 7117916, at *2 (N.D. Tex. Dec. 27, 2018) (quoting *Link*, 370 U.S. at 629–31), *report and recommendation adopted*, 2019 WL 318181 (N.D. Tex. Jan. 23, 2019); *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (per curiam) (citation omitted) ("A federal district court has both specific and inherent power to control its docket, and this includes the power to dismiss a case . . . .").

Ample authority exists to support application of Rule 41 to the instant cause. Consider, in *Rea v. Mutual Omaha Insurance*, the district court concluded it did not have the authority to dismiss the action pursuant to Rule 25 after a suggestion of death had been filed on the record as to a plaintiff when her attorney had never served a successor or representative. *See Rea v. Mut. of Omaha Ins. Co.*, No. 16-cv-73-FPG-HBS, 2018 WL 3126749, at *2 (W.D.N.Y. June 26, 2018). Notwithstanding, the district court concluded it had inherent authority to dismiss the case under Rule 41(b), finding dismissal for failure to prosecute was warranted. *See id.* at *3 (citing *Keating v. Leviton Mfg. Co., Inc.*, No. 06-cv-6027, 2009 WL 234654, at *2 (S.D.N.Y. Jan. 30, 2009)). A district court in this Circuit, faced with similar circumstances, likewise found Rule 41(b) an

appropriate vehicle for dismissal, concluding it provides the Court inherent power to *sua sponte* dismiss a cause where "there has been neither an entry of appearance nor a motion to substitute party filed on behalf of Plaintiff" after a notice of suggestion of death was on file. *See Lewis v. Flowers*, No. 1:15CV116-HSO-JCG, 2016 WL 7265046, at *3 (S.D. Miss. Dec. 15, 2016). The court found that dismissal without prejudice was "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court." *Id.* (citing *Link*, 370 U.S. at 630–31). The present scenario before the Court is unique and most certainly rare. Plaintiff's passing, without her own counsel or the appearance of any other party in the case, together with the lack of any motion to substitute filed by a representative or successor, has resulted in a failure to prosecute. As such, the Court finds the proper exercise of discretion is to dismiss Plaintiff's claims without prejudice pursuant to Rule 41(b).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Clerk of Court is requested to send a copy of this Report and Recommendation to Plaintiff's mailing address by certified mail return receipt requested and to Plaintiff's email address, DawnofHopeLLC@gmail.com.

**SIGNED this 24th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE